UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES CHIVERS,<br>    Plaintiff, | Case No. 1:23-cv-573<br>McFarland, J.<br>Litkovitz, M.J. |
|    v. | |
| DERRECK BISHOFF, *et al.*,<br>    Defendants. | **REPORT AND**<br>**RECOMMENDATION** |

On September 26, 2023, the Court issued an Order directing the Clerk to update the Court's docket sheet with a corrected address for plaintiff and to resend its notice of deficiency (Doc. 2) to that address. (See Doc. 4). The notice of deficiency was returned again—this time with the notation: "attempted – not known." (Doc. 5).

On October 23, 2023, the Court issued an Order to plaintiff to show cause, within 15 days of the date of its Order, why the Court should not dismiss this case for failing to address the Clerk's notice of deficiency and failing to provide the Court with his current address. (Doc. 6). Plaintiff responded to the Court's Order to show cause, requesting additional time to prosecute his case. (Doc. 7). The Court granted plaintiff through December 13, 2023 to resume the prosecution of his case but further ordered that plaintiff address the following deficiencies within that time:

> **Filing Fee Missing.** Plaintiff has not tendered the filing fee ($402) or a motion for leave to proceed *in forma pauperis* to the Court.
>
> **Cover Sheet Missing.** Plaintiff has not filed the required civil cover sheet.

(Doc. 8). The Court further directed the Clerk to send to plaintiff the application to proceed *in forma pauperis* and civil cover sheet. (*Id.*). To date, plaintiff has not addressed these deficiencies.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to address the above-noted deficiencies by December 13, 2023 warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** without prejudice for failure to pay the filing fee or submit a motion to proceed *in forma pauperis*.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/18/2023

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES CHIVERS,<br>  Plaintiff, | Case No. 1:23-cv-573<br>McFarland, J.<br>Litkovitz, M.J. |
| v. | |
| DERRECK BISHOFF, *et al.*,<br>  Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).